IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

WALTON CONSTRUCTION          )
COMPANY, LLC,                )
                             )
               Plaintiff,    )
                             )
vs.                          )          Case No. 09-0706-CV-W-ODS
                             )
LIBERTY MUTUAL FIRE          )
INSURANCE COMPANY, et al.,   )
                             )
               Defendants.   )

**ORDER AND OPINION**
**GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. 48)**

Pending is Liberty Mutual's motion for partial summary judgment.  The motion is
granted.


I.  BACKGROUND


Cross-claimants Liberty Mutual and ACIG are insurance companies.  Liberty
Mutual insured Walton Construction, and ACIG insured Murphy Company.  Walton was
a contractor on a hotel construction project.  Walton and Murphy subcontracted for
Murphy to install HVAC and plumbing in the hotel.

The subcontract required Murphy to indemnify Walton for its negligence.  The
subcontract also required Murphy to name Walton as additional insured on Murphy's
insurance policy.  Murphy obtained an endorsement naming Walton as additional
insured on its ACIG policy.

After Murphy installed the plumbing, Walton received notice multiple water leaks
in the plumbing system damaged the hotel.  Walton notified ACIG, asserting it had
incurred over $1 million in damage.  ACIG refused to pay Walton's claim.  Walton made
a claim to Liberty, which Liberty settled.

Liberty asserts subrogation claims against ACIG for the amounts it incurred to

indemnify Walton.  Liberty also seeks additional damages from ACIG for vexatious refusal to pay.  ACIG seeks a declaration it has no duty to indemnify Walton under the ACIG policy for the claims made in connection with the leaks and that Liberty has no right of subrogation against ACIG for amounts it paid to Walton.

Liberty moves for summary judgment on the issue whether Walton was an additional insured under ACIG's policy with respect to the water leaks.  Liberty also seeks summary judgment on the issue whether the coverage afforded Walton as additional insured was on a primary basis.

## II.  DISCUSSION

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.  *Alabama v. North Carolina*, 130 S. Ct. 2295, 2308 (2010).  Liberty is entitled to summary judgment on both issues it raises.

### (1) Walton Was an Additional Insured

Murphy obtained the additional insured endorsement to its ACIG policy, naming Walton as an additional insured under the policy "with respect to liability arising out of 'your work' for that insured by or for you."  "The insurance language 'arising out of' has been interpreted by Missouri courts to be a very broad, general and comprehensive phrase to mean 'originating from' or 'having its origins in' or 'growing out of' or 'flowing from.'"  *Colony Ins. Co. v. Pinewoods Enterprises, Inc.*, 29 F. Supp. 2d 1079, 1083 (E.D. Mo. 1998) (citations omitted).

Despite this broad construction, ACIG contends Walton was not covered because the leaks did not arise out of *Murphy's* work.  ACIG contends the source of the leaks was the lack of expansion fittings and loops in the HVAC, mechanical, and plumbing risers design, which was specifically excluded from Murphy's work.  Since the alleged source of the leaks was not Murphy's work, ACIG reasons Walton was not an

additional insured with respect to the leaks.

Even assuming the failure to install expansion joints and loops was not Murphy's work, ACIG's argument is undermined by the broad construction courts in Missouri have given to the phrase "arising out of." Missouri courts have held but-for causation sufficient to satisfy the "arising out of" language in policies. *See Colony Ins. Co.*, 29 F. Supp. 2d at 1083 (holding accident arose out of tenant's operations because injuries would not have occurred "but for" those operations); *American Family Mut. Ins. Co. v. Shelter Mut. Ins. Co.*, 747 S.W.2d 174, 177-78 (Mo. Ct. App. 1988) (holding accident arose out of vehicle's use; policy defined "use" to include unloading of vehicle, and injuries would not have occurred "but for" unloading of vehicle); *Ryder Truck Rental, Inc. v. U.S. Fidelity and Guaranty Co.*, 527 F. Supp. 666, 669-70 (E.D. Mo. 1981) (holding accident arose out of trailer's use because tractor would not have traveled highway "[b]ut for" need to haul trailer).

ACIG notably makes no argument and cites no case holding but-for causation is insufficient in Missouri to satisfy the "arising out of" language.[1] In fact, ACIG cites *American Economy Ins. Co. v. Holabird and Root*, 382 Ill. App. 3d 1017, 1035 (Ill. App. Ct. 2008), which observed that "'arising out of' is to be liberally construed in favor of the insured and only a 'but for' causation is required" (citation omitted).

And the other cases ACIG relies upon seem to require a showing of causation closer to proximate cause than but-for causation. *See Regent Ins. Co. v. Estes Co.*, 564 N.W.2d 846, 848 (Iowa 1997) (holding injuries to subcontractor's employee caused by contractor-installed tresses did not arise out of subcontractor's work even though employee was working at time of injury; employee's "right of recovery" against

_____

[1] ACIG cites to *Travelers Indem. Co. v. American Home Assur. Co.*, which held a football ticket holder's injuries caused by an apparently intoxicated fan did not arise out of a concessionaire's alcohol sales. 2008 WL 3200817, at *7 (E.D. Mo. 2008). But this case did not discuss whether but-for causation was sufficient to satisfy the "arising out of" language in the insurance policy. *See id.* And the facts suggest but-for causation may not have been present; the opinion recites no facts establishing that, but for the alcohol sales, the assault would not have occurred. *See id.* at *1.

contractor was "in no way attributable" to subcontractor's work); *Worth Const. Co., Inc. v. Admiral Ins. Co.*, 10 N.Y.3d 411, 416 (2008) (holding contractor could no longer argue any connection existed between accident and construction of staircase once contractor admitted subcontractor did not negligently install staircase). These cases appear to require a greater showing of causation than what is required in Missouri and are unpersuasive.

Since the leaks would not have occurred but for Murphy's installation of the plumbing, the leaks arose out of Murphy's work as a matter of Missouri law. Walton was an additional insured under ACIG's policy with respect to the water leaks.

*(2) Priority of Coverage*

The additional insured endorsement states, "Where specifically required by contract, it is further agreed that the insurance provided by this endorsement is primary" (all caps omitted). Liberty argues the insurance is primary because Walton and Murphy's subcontract required the insurance. ACIG argues the insurance is not primary because the subcontract did not require it to be primary.

The parties' arguments demonstrate the quoted language is susceptible to two reasonable interpretations. Since the language is ambiguous, the Court must construe it in favor of the insured. *See Colony Ins. Co.*, 29 F. Supp. 2d at 1081. The ACIG policy insured Walton on a primary basis because the subcontract required the insurance.

ACIG cites to *Regal Homes, Inc. v. CNA Ins.*, 217 Ariz. 159, 166 (Ariz. Ct. App. 2007), but that case is distinguishable. The policy in *Regal Homes* unambiguously stated the coverage would be "'excess . . . unless a contract specifically requires that this insurance be primary'" (emphasis omitted). *Id.* at 165. Unlike *Regal Homes*, ACIG's policy is ambiguous, and the construction in Walton's favor must prevail.

4

## III.  CONCLUSION

Liberty's motion for partial summary judgment is granted.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: November 8, 2010           UNITED STATES DISTRICT COURT